UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

BURTON R. McNEAL,                         :
    Plaintiff,                      :
                                   :
        v.                          :   Docket No. 1:04-CV-78
                                   :
TOM RIDGE, Secretary,                     :
Department of Homeland Security,          :
    Defendant.                      :
_____:

RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND
REQUEST FOR RECONSIDERATION
(Paper 14)

As part of his ongoing employment discrimination claim,
plaintiff Burton R. McNeal seeks a mandatory injunction that
directs defendant Department of Homeland Security ("DHS") to
lift its stay of his transfer to a position in Toronto,
Canada.  Plaintiff also requests the Court to "reconsider the
issues of reprisal and hostile work environment" based on the
stay of transfer.  See Paper 14 at 2.  For the reasons set
forth below, plaintiff's motion is DENIED.

BACKGROUND

McNeal, a Customs and Border Protection ("CBP") officer
in Beebe Plain, Vermont, was scheduled to make a lateral
transfer to a CBP position in Toronto, Canada in early
February 2005.  Shortly before his scheduled date of
departure, Jennifer Sava, Acting Director of PreClearance
Operations for DHS, stayed the transfer when she learned

1

McNeal was the subject of a pending Office of Professional Responsibility ("OPR") investigation.  See Sava Decl. at ¶ 3 (Paper 14, Attach. 3).  At the time of the decision to stay the transfer, McNeal's belongings had already been transferred to Toronto.  Those belongings were subsequently shipped back to McNeal in Vermont.  See Paper 14 at 2.

McNeal has not received notification as to the length of the stay of transfer, and alleges the situation "has created havoc and has caused unhappiness for and between the plaintiff and his wife."  Id.  He further alleges DHS sent the notice of the stay through McNeal's Area Port Director to "embarrass" and "harm him in the eyes of his current supervision (sic) and fellow employees."  Id.  McNeal requests a mandatory injunction to force DHS to lift his stay of transfer.  In light of the stay of transfer, plaintiff requests the Court to reconsider the reprisal and hostile work environment issues dismissed in the Court's Substituted Ruling (Paper 19).

### PRELIMINARY INJUNCTION

A party seeking a preliminary injunction must first demonstrate that it will be irreparably harmed in the absence of an injunction.  Forest City Daly Hous. Inc. v. Town of North Hempstead, 175 F.3d 144, 149 (2d Cir. 1999); Stewart v. United States Immigration & Naturalization Serv., 762 F.2d

193, 1999 (2nd Cir. 1985).  Upon such a showing, a party must then demonstrate either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of the case to make them fair ground for litigation, and a balance of hardships tipping decidedly in its favor. Id.

In deciding whether harm is irreparable, a court concerns itself only with harm "arising during the interim between the request for an injunction and final disposition of the case on the merits."  Jayaraj v. Scappini, 66 F.3d 36, 40 (2nd Cir. 1995).  The harm must be neither remote nor speculative, but actual and imminent, and cannot be remedied by an award of monetary damages.  Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1998).

It is well-established that the Government is traditionally granted the widest latitude in the "dispatch of its own internal affairs," Cafeteria Workers v. McElroy, 367 U.S. 886, 896 (1961).  Federal employees seeking injunctive relief in personnel cases must make a "particularly strong showing of irreparable harm."  Lafayette v. Frank, 688 F. Supp. 138, 144-46 (D. Vt. 1988); see also  Sampson v. Murray, 415 U.S. 61, 91-92 (1974) (holding that even if a plaintiff could show loss of income and damage to reputation, such harm is not sufficient to support preliminary injunctive relief).

The circumstances described by McNeal do not constitute "extraordinary" circumstances such that the harm he claims he will continue to suffer might rise to the level of irreparable harm.  See Lafayette, 688 F. Supp. at 144-46 (holding that stigma and loss of reputation from transfer to another position due to an ethical violation does not constitute irreparable harm); Hartzog v. Reebok Int'l Ltd., 77 F. Supp. 2d 475, 476-77 (S.D.N.Y. 1999) (losing employment due to alleged retaliation, absent extraordinary circumstances, does not constitute irreparable harm). Because McNeal fails to make the requisite showing of irreparable harm, the Court need not address the merits question of the preliminary injunction analysis.

CONCLUSION

For the reasons herein, plaintiff's motion for a preliminary injunction is DENIED.  Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of May, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

4