```
                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF VERMONT
```

BURTON R. McNEAL,                       :
    Plaintiff,                          :
                                                            :
          v.                              :     Docket No. 1:04-cv-78
                                                            :
MICHAEL CHERTOFF, Secretary,            :
Department Of Homeland Security,        :
    Defendant.                          :
_____ :

<u>ORDER</u>
(Papers 34 and 37)

     Plaintiff Burton R. McNeal filed a notice of withdrawal of his Complaint on June 23, 2005 (Paper 32). Defendant Michael Chertoff, Secretary of the Department of Homeland Security, does not object to the dismissal of plaintiff's complaint, but cross-moves that such dismissal be with prejudice (Paper 34). McNeal moves to dismiss his remaining claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (Paper 37).

     Federal Rule of Civil Procedure 41(a)(2) provides that, in the absence of a stipulation of dismissal by the parties, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A voluntary dismissal without prejudice is not a matter of right. <u>Zagano v. Fordham Univ.</u>, 900 F.2d 12, 14

(2d Cir. 1990).  In determining whether to dismiss without prejudice, the court should weigh the following factors:

> plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

Id.

Plaintiff claims he is seeking dismissal without prejudice in this case because he is unable to find legal representation on a contingency basis; the "agency has taken adverse action against [him] because of [his] EEO activity,"; this "court has refused to protect [him] from further or continuing retaliation and reprisal by the agency,"; and the "court has not recognized disparate impact in regard to these cases which comprises (sic) the main buttress for the ageism being claimed."  See Pl.'s Mot. for Dismissal Without Prejudice, Paper 37.

McNeal is an experienced *pro se* litigant.  Since 1989, he has filed at least 17 Equal Employment Opportunity ("EEO") complaints, almost all of which are claims of discrimination based on non-selection for various immigration inspector positions with the United States and at foreign ports.  See Jones Decl., Paper 35 at ¶ 4.  McNeal has unfavorable results in two prior Federal Court discrimination lawsuits brought in

the District of Hawaii and this District.  McNeal has represented himself in these proceedings, as well as two administrative hearings conducted by the EEO Commission.

This case has been pending for 16 months, so a considerable amount of work has been undertaken to defend this case.  Several of McNeal's claims have already been dismissed under Fed. R. Civ. P. 12(b)(6).  See Paper 19.  This Court also denied McNeal's motion for preliminary injunction because he was unable to show irreparable harm.  See Paper 31.

The only purpose for a dismissal without prejudice is to allow a plaintiff to bring the same claims again at a later time.  Defendant claims it will be severely prejudiced if this Court grants a dismissal without prejudice.

Although depositions have yet to begin, a good deal of paper discovery has occurred.  Defendant is now in the process of reviewing five voluminous administrative records and approximately 1102 pages submitted by plaintiff as part of his initial disclosures.  Furthermore, plaintiff sought dismissal through Rule 41(a) on the very same date his discovery responses and his overdue initial disclosure on damages were due.  Defendant advised that it would seek a motion to compel if plaintiff did not file a motion for protective order under Fed. R. Civ. P. 26(c) – instead,

plaintiff sought voluntary dismissal.  The avoidance of discovery obligations is not an appropriate purpose for a voluntary dismissal under Rule 41(a)(2).  See In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1992).  To allow McNeal to pursue these claims again in a different lawsuit will tax the resources of both parties and this Court.

Rule 41(a)(2) authorizes a court to convert a motion for dismissal without prejudice to one with prejudice.  Gravatt v. Columbia Univ., 845 F.2d 54, 56 (2nd Cir. 1988).  "[A]n opportunity to withdraw a motion for dismissal without prejudice must be afforded a plaintiff before the dismissal is converted to one with prejudice."  Id.

Here, defendant cross-moved to dismiss the remaining claims with prejudice.  Because defendant's "cross-motion put Plaintiff on notice that the Court could convert Plaintiff's motion to a voluntary dismissal with prejudice, plaintiff has been afforded the opportunity to withdraw [his] motion."  Jewelers Vigilance Committee, Inc. v. Vitale Inc., 1997 U.S. Dist. LEXIS 14386 *11 (S.D.N.Y. Sept. 12, 1997).  McNeal has failed to withdraw his motion for voluntary dismissal without prejudice.

Accordingly, for the reasons discussed herein, defendant's motion to dismiss with prejudice (Paper 34) is GRANTED.  Plaintiff's motion for dismissal without prejudice

(Paper 37) is DENIED.  Plaintiff's remaining claims are hereby DISMISSED WITH PREJUDICE.

    SO ORDERED.

    Dated at Brattleboro, Vermont, this 19th day of August, 2005.

                                    /s/ J. Garvan Murtha
                                    J. Garvan Murtha
                                    United States District Judge